FILED '08 JUL 04 11:18 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KEITH L. BOWMAN,                                              CV. 06-1459-PA

        Petitioner,

   v.                                                         OPINION AND ORDER

JEAN HILL,

        Respondent.

   AMY M. BAGGIO
   Assistant Federal Public Defender
   101 SW Main Street, Suite 1700
   Portland, OR  97204

       Attorney for Petitioner

   HARDY MYERS
   Attorney General
   JONATHAN W. DIEHL
   Oregon Department of Justice
   1162 Court Street, NE
   Salem, OR  97301

       Attorneys for Respondent

1 - OPINION AND ORDER

PANNER, District Judge

Petitioner, an inmate at Snake River Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 and challenges his conviction and sentencing for Robbery, Kidnapping, Burglary, and Attempted Murder. For the reasons set forth below, the Petition for Writ of Habeas Corpus (#2) is DENIED, and this action dismissed with prejudice.

## BACKGROUND

As a result of events on July 8, 1996, Petitioner was charged in an 8-count indictment with Robbery in the first degree (Counts 1, 2, and 3), Kidnapping in the first degree (Counts 4 and 5), Burglary in the first degree (Counts 6 and 7), and Attempted Murder (Count 8). Following a trial by jury, Petitioner was convicted on Counts 1, 2, 3, 6, 7, 8, and of a lesser included offense of Kidnapping in the second degree on Count 4. He was acquitted on Count 5. Petitioner was sentenced to a total of 250 months imprisonment.[1]

Petitioner directly appealed his conviction and sentence, but the Oregon Court of Appeals denied relief and the Oregon Supreme Court denied review. (Respt.'s Ex. 105, App. 1; Respt.'s Ex. 106.)

---

[1] Petitioner was sentenced as follows: Count 1 - 90 months; Count 2 - 90 months, merged with Count 1; Count 3 - 90 months, concurrent to Count 1; Count 4 - 70 months mandatory, consecutive to Count 1; Count 6 - 60 months, concurrent to Counts 1-4; Count 7 - 55 months, concurrent to prior counts; Count 8 - 90 months, consecutive to Count 4. (Petr.'s Memorandum, docket #30, 3-4.)

2 - OPINION AND ORDER

Petitioner filed for post-conviction relief (PCR) alleging, *inter alia*, violation of his Sixth Amendment right to counsel, but he was denied relief. (Respt.'s Ex. 119.) The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. (Respt.'s Ex. 125; Respt.'s Ex. 124.)

Petitioner filed a federal habeas petition, but he moved to voluntarily dismiss the petition without prejudice in order to pursue exhaustion of a *Blakely/Apprendi* challenge to his sentence. (Respt.'s Ex. 126 and 127.) The district court granted his motion to dismiss, and he filed a successive state PCR petition. The state PCR court dismissed the petition as meritless on the State's Motion for Summary Judgment. (Respt.'s Ex. 131.) The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. (Respt.'s Ex. 139; Respt.'s Ex. 138.)

In the instant petition, Petitioner raises the following five grounds for relief:

> 1:  Ineffective assistance of trial counsel for failing to request a lesser included jury instruction of reckless endangerment;
>
> 2:  Ineffective assistance of trail counsel for failing to object to the "acquittal first" jury instruction;
>
> 3:  Trial court error in denying Mr. Bowman's motion to sever his trial from that of co-defendant Mitchell;
>
> 4:  Trial court error in denying Mr. Bowman's motion to exclude DNA evidence;
>
> 5:  Trial court error in imposing consecutive Measure 11 sentences when such imposition violated Oregon law and "exceeded [the trial court's] authorization."

3 - OPINION AND ORDER

(Petr.'s Memorandum, docket #30, 1-2.) Respondent contends Grounds Three, Four and Five are procedurally defaulted and, therefore, habeas relief is precluded. As to Grounds One and Two, Respondent contends deference is owed the state court decision denying these claims, and the claims are without merit. (Respt.'s Response, docket #20, 7-8.)

## DISCUSSION

### I. Procedurally Defaulted Claims

Generally, before a federal court may consider a petition for habeas relief pursuant to 28 U.S.C. § 2254, a state prisoner must have exhausted all available state court remedies through a direct appeal or through collateral proceedings. *See* 28 U.S.C. § 2254 (b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) (state courts must have an opportunity to act on claims before they are presented in a habeas petition). A state prisoner satisfies the exhaustion requirement by fairly presenting his claims to the appropriate state courts at all appellate stages afforded under state law. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Casey v. Moore*, 386 F.3d 896, 915-16 (9th Cir. 2004); *Castillo v. McFadden*, 370 F.3d 882, 886 (9th Cir. 2004). A federal claim is fairly presented when the state court is apprised of the facts and legal theory upon which the claim is premised.

A state prisoner procedurally defaults federal claims if he fails to raise them as federal claims in state court or is barred

4 - OPINION AND ORDER

from doing so under applicable state procedural rules. *O'Sullivan*, 526 U.S. at 848; *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Federal habeas review of procedurally defaulted claims is precluded unless the prisoner can show both "cause" for the procedural default and actual prejudice, or the prisoner demonstrates that failure to consider the claims will result in a fundamental miscarriage of justice. *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Coleman*, 501 U.S. at 750.

The "miscarriage of justice" exception to procedural default is limited to habeas petitioners who can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). A claim of actual innocence must be supported with "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup*, 513 U.S. at 324.

The required evidence must create a colorable claim of actual innocence, that the petitioner is innocent of the charge for which he is incarcerated, as opposed to legal innocence as a result of legal error. *See id.* at 321. It is not enough that the evidence show the existence of reasonable doubt, petitioner must show "that it is more likely than not that no 'reasonable juror' would have convicted him." *Id.* at 329; *see Van Buskirk v. Baldwin*, 265 F.3d

5 - OPINION AND ORDER

1080, 1084 (9th Cir. 2001) ("the test is whether, with the new evidence, it is more likely than not that no reasonable juror would have found [petitioner] guilty"), *cert. denied*, 535 U.S. 950 (2002).

### A. Grounds for Relief Three and Four

Petitioner concedes that Grounds Three and Four are procedurally defaulted. (Petr.'s Memorandum, docket #30, 10-11.) Nevertheless, Petitioner contends that with respect to Ground Three no reasonable juror would have found him guilty had his motion to sever been granted. This suggests he is invoking the miscarriage of justice exception to procedural default, but he presents no new evidence to satisfy the exception. Accordingly, habeas relief is precluded. As to Ground Four, Petitioner does not attempt to excuse his default, and he acknowledges that a Fourth Amendment violation is not generally cognizable on federal habeas review under *Stone v. Powell*, 428 U.S. 465 (1976). (Petr.'s Memorandum, docket #30, 11.) Thus, relief is precluded.

### B. Ground for Relief Five

Petitioner concedes that his state criminal case was final before the Supreme Court announced its decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and he concedes that the Ninth Circuit has held that *Apprendi* does not apply retroactively. (Id., 12.) He states he filed this claim as a placeholder in the event the Supreme Court decides that *Apprendi* applies retroactively. (Id.) Because Petitioner's criminal case was final before *Apprendi*,

6 - OPINION AND ORDER

habeas relief on Ground Five is precluded. *United States v. Sanchez-Cervantes*, 282 F.3d 664, 671 (9th Cir. 2002) (*Apprendi* not retroactive to cases on collateral review).

## II. The Merits

### A. Standards

A habeas petitioner whose claim was adjudicated on the merits in state court is not entitled to relief in federal court unless he demonstrates that the state court's adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d).

A state court decision is an "unreasonable application of clearly established Supreme Court law when the state court identifies the correct governing legal principle ... but unreasonably applies that principle to the facts of the case." *Lambert v. Blodgett*, 393 F.3d 943, 974 (9th Cir. 2004), *cert. denied*, 126 S.Ct. 484 (2005). "[I]t is the habeas applicant's burden to show that the state court applied [the law] to the facts of his case in an objectively unreasonable manner." *Woodford v. Visciotti*, 537 U.S. 19, 24, 25 (2002).

///

7 - OPINION AND ORDER

B. <u>Analysis</u>

Grounds for Relief One and Two present claims of ineffective assistance of counsel. A federal claim of ineffective assistance of counsel requires that the petitioner prove his counsel's performance fell below an objective standard of reasonableness and that he was prejudiced as a result of his counsel's deficient representation. *Strickland v. Washington*, 466 U.S. 668, 687-92 (1984). The PCR trial court made the following findings with respect to Ground One:

> Petitioner was charged with Attempted Murder in Count 8. The offense of Recklessly Endangering Another is not included within the statutory framework for attempted murder. Neither does petitioner's indictment charge him with conduct that conforms to the offense of Seriously Endangering Another. Consequently, counsel had no basis to request the instruction. *State v. Willie*, 317 Or 487, 495 n.7 (1993); *State v. Moses*, 165 Or App 317 (2000).

(Respt.'s Ex. 119, 3.) With respect to Ground Two, the PCR trial court found:

> Counsel had no basis to take exception to the jury instruction because the instruction does not violate petitioner's constitutional rights. *State v. Horseley*, 169 Or App 438 (2000).

(Id., 4.) On both claims the court concluded that Petitioner had not been denied his constitutionally guaranteed right to counsel under the standards articulated in *Strickland*. (Id.)

The PCR court's factual findings are presumed to be correct. 28 U.S.C. § 2254(e)(1). Petitioner may overcome this presumption by presenting clear and convincing evidence to this court that the findings are in error, but he has not done so. In fact, he

8 - OPINION AND ORDER

concedes "Oregon courts have not found reckless endangerment to fit within the statutory framework of attempted murder . . ." and "Oregon courts have upheld the lawfulness of th[e] [Acquittal First] instruction." (Petr.'s Memorandum, docket #30, 7,10.) Although Petitioner disagrees with these holdings, state courts are the final arbiters of state law, and a state court's interpretation of state law is binding on a federal court. See *Estelle v. McGuire*, 502 U.S. 67-68 (1991); *Mendez v. Small*, 298 F.3d 1154, 1158 (9th Cir. 2002).

In light of the state PCR court findings that counsel had no basis for requesting a Lesser Included Offense instruction, or for objecting to the Acquittal First instruction, it was neither contrary to, nor an unreasonable application of established Supreme Court precedent for that court to deny Petitioner's ineffectiveness claims. Accordingly, habeas relief is precluded.

## CONCLUSION

Based on the foregoing, Petitioner's habeas corpus petition (#2) is DENIED, and this proceeding DISMISSED with prejudice.

IT IS SO ORDERED.

DATED this __2__ day of July, 2008.

Owen M. Panner
United States District Judge

9 - OPINION AND ORDER